IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03080-BNB

MARSHAUN STEWART,

    Plaintiff,

v.

COZZ RHODES, Warden,
BLOODWORTH, Assoc. Warden,
KLEIN, Captain,
LT. BURTON, and
WORKSON, Counsler [sic],

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, Marshaun Stewart, is in the custody of the federal Bureau of Prisons. He currently is incarcerated at the Federal Correctional Institution (FCI) in Florence, Colorado. Mr. Stewart filed *pro se* a Complaint asserting a deprivation of his constitutional rights pursuant to 28 U.S.C. § 1343 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Also pending is "Plaintiff's Motion to Request to Add/Additional Claims and Defendant Helickerson Psychological Employee" (Doc. #10), filed on January 3, 2012. Mr. Stewart has been granted leave to proceed *informa pauperis* pursuant to 28 U.S.C. § 1915 without payment of an initial partial filing fee.

    The Court will construe the Complaint liberally because Mr. Stewart is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellman*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as

an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. The Court has reviewed the Complaint and has determined that it is deficient. Mr. Stewart therefore will be directed to file an amended complaint for the reasons discussed below.

Mr. Stewart alleges in his Complaint that he suffers from depression and a borderline intelligence disorder. Mr. Stewart states that he asked Defendant Workson, his counselor, some questions about his medical condition on August 17, 2011. At some point, Defendant Workson told Plaintiff, "we are going to get rid of you." Compl., Ex. 4. Mr. Stewart alleges that he received a false disciplinary write-up from Defendant Burton on August 19, 2011, for stalking a female medical staff member and was placed in solitary confinement pending a criminal proceeding. He further asserts that Defendants Burton, Workson, and Klein conspired to file the false criminal charge against him. Plaintiff seeks monetary relief from the Defendants for violation of his constitutional rights.

Additional factual allegations to support Mr. Stewart's claims are found in his "Motion for Preliminary Injunction & Restraining Order" (Doc. #12), filed on January 18, 2012. Mr. Stewart alleges that after he was transferred to FCI-Florence on June 1, 2011, he requested permission to see a psychiatric staff member about his medications and was directed to Ms. Helickerson. Mr. Stewart explained to Ms. Helickerson that he needed to consult with her about a medical condition. Ms. Helickerson responded that Plaintiff would be placed on the "call-out" to see a staff member. On August 2, 2011, Mr. Stewart was directed to report to Lt. Young's office. In the presence of Ms. Helickerson, Lt. Young threatened to place Plaintiff in lock-down if he again requested medical attention from any female staff member because he is a convicted sex offender.

Mr. Stewart further alleges that he filed an administrative remedy request with Warden Wands on August 9, 2011, to obtain an exemption from prison work assignments so that he would not be around any female staff members. Plaintiff asserts that after he submitted the administrative remedy request, Defendant Workson retaliated by filing a false disciplinary charge/criminal charge against him for harassment of a female staff member.

In his motion to amend his Complaint, Mr. Stewart alleges that Ms. Helickerson reported him to Lt. Young and urged Young to threaten him not to seek medical attention from female staff members simply because he is a convicted sex offender.

Construing Mr. Stewart's filings liberally and together, he fails to allege the personal participation of Defendants Warden Rhodes and Associate Warden Bloodworth in a violation of his constitutional rights. Personal participation by the named defendants is an essential allegation in a civil rights action. *See Kite v. Kelley*, 546 F.2d 334, 338 (1976). Mr. Stewart therefore must show that each named Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). A supervisor is only liable for a constitutional violation that he or she has caused. *See Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010). Accordingly, there must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993); *see also Richardson*, 614 F.3d at 1200-1201 ("[D]efendant-supervisors may be liable under § 1983 [or *Bivens*] where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy . . .–express or

3

otherwise–showing their authorization or approval of such 'misconduct.'") (quoting *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)).  Supervisors cannot be held liable merely because of their supervisory positions.  *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).  This is because "§ 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation."  *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).  Mr. Stewart must therefore file an amended complaint alleging each Defendant's personal participation.

Mr. Stewart may amend his complaint to assert a claim against Ms. Helickerson, but the claim must assert her personal participation in a deprivation of his constitutional rights.

In addition, the amended complaint that Mr. Stewart will be directed to file should include <u>all</u> of the factual allegations to support his claims so that they are contained within a single pleading.  The Court is not required to construe a *pro se* litigant's piecemeal filings together in order to construct a claim for relief.  Accordingly, it is

ORDERED that "Plaintiff's  Motion to Request to Add/Additional Claims and Defendant Helickerson Psychological Employee" (Doc. #10), filed on January 3, 2012, is **granted**.  It is

FURTHER ORDERED that Plaintiff, Marshaun Stewart, file **within thirty (30) days from the date of this order,** an amended complaint that complies with the directives in this order.  It is

FURTHER ORDERED that Plaintiff shall obtain the court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that the Motion for Appointment of Counsel (Doc. #13), filed on January 20, 2012, is **denied** as premature.  It is

FURTHER ORDERED that, if Plaintiff fails to file an amended complaint that complies with this order within the time allowed, the Court will dismiss Plaintiffs' claims against Defendants Rhodes and Bloodworth for the reasons discussed in this Order.

DATED January 31, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge