IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03080-BNB

MARSHAUN STEWART,

    Plaintiff,

v.

COZZ RHODES, Warden,
BLOODWORTH, Assoc. Warden,
KLEIN, Captain,
LT. BURTON, and
WORKSON, Counsler [sic],

    Defendants.

---

ORDER DENYING MOTIONS FOR PRELIMINARY INJUNCTIVE RELIEF

---

The matters before the Court at this time are a "Motion for Preliminary Injunction & Restraining Order" (Doc. #3), filed on November 25, 2011, and a "Motion for Preliminary Injunction & Restraining Order" (Doc. #12), filed on January 18, 2012. Plaintiff, Marshaun Stewart, is a prisoner in the custody of the Federal Bureau of Prisons (BOP) who currently is incarcerated at the Federal Correctional Institute in Florence, Colorado. He submitted *pro se* a Complaint pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), asserting violations of his constitutional rights. Mr. Stewart requests monetary relief in his Complaint. He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

Mr. Stewart alleges the following facts in his Complaint and in his motions for

1

preliminary injunctive relief.  After he was transferred to FCI-Florence on June 1, 2011, Mr. Stewart requested permission to see a psychiatric staff member about his medications and was directed to Ms. Helickerson.  Mr. Stewart explained to Ms. Helickerson that he needed to consult with her about a medical condition.  Ms. Helickerson told Plaintiff that he would be placed on the "call-out" to see a staff member.  On August 2, 2011, Mr. Stewart was directed to report to Lt. Young's office.  In the presence of Ms. Helickerson, Lt. Young threatened to place Plaintiff in lock-down if he again requested medical attention from any female staff member because he is a convicted sex offender.  Mr. Stewart alleges that he filed an administrative remedy request with Warden Wands on August 9, 2011, to obtain an exemption from prison work assignments so that he would not be around any female staff members.  Mr. Stewart states that he asked Defendant Workson, his counselor, some questions about his medical condition on August 17, 2011.  At some point, Defendant Workson told Plaintiff, "we are going to get rid of you."  Compl., Ex. 4.  Mr. Stewart alleges that he received a false disciplinary write-up from Defendant Burton on August 19, 2011, for stalking a female medical staff member and was placed in solitary confinement pending a criminal proceeding.  Plaintiff later received a disciplinary report dated December 22, 2011, for a stalking incident that occurred on September 12, 2011.  Mr. Stewart asserts that Defendants Burton, Workson, and Klein conspired to file the false criminal charge(s) against him.  Plaintiff claims that Defendants have retaliated against him for exercising his constitutional right to file grievances and have subjected him to cruel and unusual punishment.  He seeks monetary relief from the Defendants.

In his motions for preliminary injunctive relief, Mr. Lewin seeks an order enjoining

Defendants from detaining him in solitary confinement pursuant to the false disciplinary/criminal charge(s) of stalking a female staff member; disciplining him based on the false charge of stalking; and preventing Defendants from any further retaliation against him for filing grievances.

The Court will construe the motions liberally because Mr. Stewart is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a pro se litigant. *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the motions will be denied.

A temporary restraining order or preliminary injunction is an "extraordinary remedy" and, therefore, "the right to relief must be clear and unequivocal." *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005) (quoting *SCFC ILC, Inc. v. Visa USA, Inc.*, 936 F.2d 1096, 1098 (10th Cir. 1991)).  To obtain a preliminary injunction, the party seeking the injunction must demonstrate four factors:

> (1) a substantial likelihood of success on the merits of the case; (2) irreparable injury to the movant if the preliminary injunction is denied; (3) the threatened injury to the movant outweighs the injury to the other party under the preliminary injunction; and (4) the injunction is not adverse to the public interest.

*Kikumura v. Hurley*, 242 F.3d 950, 955 (10th Cir.2001).  "To constitute irreparable harm, an injury must be certain, great, actual 'and not theoretical.'" *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003); Fed.R.Civ.P. 65(b).

In this case, because Mr. Stewart seeks a disfavored injunction (i.e., one that is mandatory as opposed to prohibitory, would alter the status quo, and would provide him

with all the injunctive relief he seeks), he faces a "heightened burden" of showing that "the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." *O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 975 (10th Cir. 2004) (en banc) (per curiam) (majority opinion).  Thus, he is "must make a strong showing both with regard to the likelihood of success on the merits and with regard to the balance of harms." *Id.* at 976.

The factual allegations contained in the Complaint do not persuade the Court that Mr. Stewart has a substantial likelihood of prevailing on the merits of his constitutional claims.  Plaintiff challenges his placement in solitary confinement since August 2011, pending resolution of the disciplinary charge.  However, the Constitution does not provide a prison inmate with any liberty interest in his classification or placement because he is not entitled to any particular degree of liberty in prison.  *Meachum v. Fano*, 427 U.S. 215, 225 (1976); *Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994).  To prevail, Plaintiff must demonstrate that his placement in solitary confinement constitutes an atypical and significant hardship in relation to the ordinary incidents of prison life.  *See Sandin v. Conner*, 515 U.S. 472, 480 (1995).  Furthermore, Mr. Stewart has not yet received a prison disciplinary hearing on the stalking charge.  A prison disciplinary decision that results in loss of good time-credits will be upheld if an inmate is afforded the procedural protections outlined in *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974), and some evidence supports the decision of the hearing officer.  *See Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985).  Moreover, although prison officials may not retaliate against inmates for filing grievances, Plaintiff must show that the disciplinary action was taken because of the exercise of his constitutional

rights. *See Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998). Standing alone, temporal proximity between the alleged exercise of rights and the administrative segregation does not constitute sufficient circumstantial proof of a retaliatory motive. *Cf. Smith v. Maschner*, 899 F.2d 940, 949 (10th Cir. 1990).

In addition, Plaintiff''s motions for preliminary injunctive relief fail to assert facts to demonstrate that he will suffer substantial and irreparable harm if a preliminary injunction is not issued.  Finally, Mr. Stewart has not shown that his threatened injuries outweigh whatever damage the proposed injunction may cause the opposing party, or that a preliminary injunction would not be adverse to the public interest.  Accordingly, it is

ORDERED that the "Motion for Preliminary Injunction & Restraining Order" (Doc. #3), filed on November 25, 2011 and the "Motion for Preliminary Injunction & Restraining Order" (Doc. #12), filed on January 18, 2012. are **DENIED**.

DATED at Denver, Colorado, this   1st   day of    February     , 2012.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court