IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03080-BNB

MARSHAUN STEWART,

    Plaintiff,

v.

COZZ RHODES, Warden,
BLOODWORTH, Assoc. Warden,
KLEIN, Captain,
LT. BURTON, and
WORKSON, Counsler [sic],

    Defendants.

## ORDER ON PENDING MOTIONS

Plaintiff, Marshaun Stewart, is a prisoner in the custody of the Federal Bureau of Prisons (BOP) who currently is incarcerated at the Federal Correctional Institute in Florence, Colorado. He submitted *pro se* a Complaint pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), asserting violations of his constitutional rights. Mr. Stewart requests monetary relief in his Complaint. He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The matters before the Court at this time are a "Motion to Reconsideration [sic] for Preliminary Injunctive Relief" (Doc. No. 18), "Motion to Request to Add Additional Defendant Disciplinary Chairperson (Doc. No. 19), and "[Motion to Submit] Add/Additional Defendant & Claims" (Doc. No. 20), filed on February 23, 2012. Also pending is Plaintiff's "Motion for [Temporary] Restraining Order, Preliminary Injunctive Relief" (Doc. No. 17), filed on February 24, 2012.

The Court will construe the motions liberally because Mr. Stewart is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a pro se litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the motions will be denied.

## I. Motion to Reconsider

Mr. Stewart first asks the Court to reconsider its February 1, 2012 Order denying his motions for preliminary injunctive relief.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). In this case, a final judgment has not been entered again Mr. Stewart. Instead, the Court has issued an interlocutory order denying his motions for a temporary restraining order/preliminary injunctive relief. Even so, Mr. Stewart has not offered any basis for the Court to reconsider its earlier order.

A motion to reconsider may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). However, a Rule 59(e) motion is not a new opportunity to revisit issues already

addressed or to advance arguments that could have been raised previously.  *See id*.

Mr. Stewart alleges in his motion to reconsider that following a January 27, 2011 DHO hearing, he was convicted falsely of the charge of refusal to obey an order.  He was sanctioned with thirty days segregation, sixty days loss of telephone and visitation privileges, and thirteen days loss of good time credits.  Mr. Stewart asserts that there was no evidence to support his disciplinary conviction and that the correctional officers lied at his hearing.  He alleges that he is suffering irreparable harm because his blood pressure medications have been upgraded twice since October 2011 and he is under chronic care for high blood pressure.

Temporary restraining orders and preliminary injunctions are extraordinary remedies and, therefore, "the right to relief must be clear and unequivocal." *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005) (quoting *SCFC ILC, Inc. v. Visa USA, Inc.*, 936 F.2d 1096, 1098 (10th Cir. 1991)).

Mr. Stewart's challenge to his prison disciplinary conviction is premature because he raises the claim for the first time in his motion to reconsider.  "In issuing a preliminary injunction, a court is primarily attempting to preserve the power to render a meaningful decision on the merits." *Keirnan v. Utah Transit Authority*, 339 F.3d 1217, 1220 (10th Cir. 2003) (citing *Tri–State Generation and Transmission Ass'n, Inc. v. Shoshone River Power, Inc.*, 805 F.2d 351, 355 (10th Cir. 1986)); *see also Kikumura v. Hurley*, 242 F.3d 950, 955 (10th Cir. 2001) (movant must demonstrate a substantial likelihood of success on the merits of his claim).

Even if the Court assumes that Mr. Stewart will amend his Complaint to include the claim, he does not demonstrate a substantial likelihood of success on the merits.

*See O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 975-76 (10th Cir. 2004) (en banc) (per curiam) (majority opinion) (party seeking a mandatory preliminary injunction must make a "strong showing" with regard to the likelihood of success on the merits). Mr. Stewart asserts that there was not sufficient evidence to support his prison disciplinary conviction. However, the conviction will be upheld if there was "some evidence" in the record to support the DHO's decision. *See Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985).

Moreover, Plaintiff fails to assert new facts in his motion to reconsider to establish that he will suffer substantial and irreparable harm if a preliminary injunction is not issued. *See Kikumura*, 242 F.3d at 955 (party seeking preliminary injunctive relief must establish irreparable injury to the movant if the preliminary injunction is denied). Plaintiff is concerned about the increase in his blood pressure over the past several months because of the pending disciplinary charges and DHO conviction. However, he admits that he is receiving medical treatment for that condition. "To constitute irreparable harm, an injury must be certain, great, actual 'and not theoretical.'" *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003); Fed.R.Civ.P. 65(b).

Because Mr. Stewart fails to demonstrate a valid basis for the Court to reconsider and vacate the February 1, 2012 Order denying his previous motions for temporary restraining order/preliminary injunctive relief, the Court will deny the "Motion to Reconsideration [sic] for Preliminary Injunctive Relief" (Doc. No. 18).

**II. Motion to Supplement and Tendered Amendment**

Next, Mr. Stewart has filed a "Motion to Request to Add Additional Defendant

Disciplinary Chairperson" (Doc. No. 19) and a "[Motion to Submit] Add/Additional Defendant & Claims" (Doc. No. 20).

The Court will grant Plaintiff's motion for leave to add the disciplinary chairperson (DHO) as a defendant and to include a claim in his amended complaint that the DHO was biased against him.  However, the Court rejects Doc. No. 20, the purported amendment to the Complaint, because it does not comply with the Court's January 31, 2012 Order Directing Plaintiff to File an Amended Complaint.  In the January 31 Order, the Court directed Plaintiff to file an amended complaint, <u>on the court-approved form</u>, that included all of his claims for relief against all Defendants and which asserted the personal participation of each Defendant in the alleged deprivations of Plaintiff's constitutional rights.  Mr. Stewart was also instructed to include all facts supporting his claims in the amended complaint.  Plaintiff's "[Motion to Submit] Add/Additional Defendant & Claims" (Doc. No. 20) is not on the court-approved form, as directed by the January 31 Order.  The Court will allow Mr. Stewart one more opportunity to file an amended complaint.  The amended complaint should include any claim Plaintiff intends to assert challenging the decision of the DHO.

## III.  Motion for [Temporary] Restraining Order/Preliminary Injunctive Relief

Plaintiff alleges in his motion for preliminary injunctive relief (Doc. No. 17) that he is being denied basic hygiene items and over-the-counter medications he needs to treat a skin rash and migraine headaches because he does not have a balance in his inmate trust fund account.  He asserts that prison officials have applied the only deposit made to his account during the past two years to legal fees associated with the instant litigation.  Mr. Stewart asks the Court to enjoin the Defendants from "forfeiting" the funds

in his prison trust fund account because he is being prevented from buying necessary medications.

Mr. Stewart's motion for preliminary injunctive relief is premature because he does not assert the alleged Eighth Amendment violation in his Complaint.  Regardless, Plaintiff fails to demonstrate a substantial likelihood that he will succeed on the merits of such a claim if it is included in the amended complaint.  *See Kikumura*, 242 F.3d at 955.  A prison official violates the Eighth Amendment when two requirements are met: (1) there is, objectively, a "sufficiently serious" deprivation of the "minimal civilized nature of life's necessities," *see Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); and, (2) the prison official knows of and disregards an excessive risk to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Mr. Stewart's likelihood of prevailing on his Eighth Amendment claim is far from apparent at this juncture.  *See Whitington v. Ortiz*, 307 F. App'x 179 (10th Cir. 2009) (unpublished) (affirming district court's denial of prisoner's motion for a preliminary injunction based on similar allegations where prisoner's right to relief was unclear).  Accordingly, the Court will deny the motion for preliminary injunctive relief/temporary restraining order.

## IV.  Orders

IT IS ORDERED that the "Motion to Reconsideration [sic] for Preliminary Injunctive Relief" (Doc. No. 18), filed February 23, 2012, is **denied.**  It is

FURTHER ORDERED that the "Motion to Request to Add Additional Defendant Disciplinary Chairperson (Doc. No. 19), filed February 23, 2012, is **granted**.  It is

FURTHER ORDERED that the "[Motion to Submit] Add/Additional Defendant & Claims" (Doc. No. 20), filed on February 23, 2012, which the Court construes liberally as Plaintiff's tendered amended complaint, is **rejected**. It is

FURTHER ORDERED that Mr. Stewart file, **within thirty days from the date of this Order**, an amended complaint that complies with the directives in this Order and in the January 29, 2012 Order, on the court-approved Prisoner Complaint form. It is

FURTHER ORDERED that Mr. Stewart shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. Stewart fails to submit his amended complaint on the court-approved Prisoner Complaint form, this action will be dismissed without prejudice and without further notice. It is

FURTHER ORDERED that the "Motion for [Temporary] Restraining Order, Preliminary Injunctive Relief" (Doc. No. 17), filed on February 24, 2012, is **denied**.

DATED at Denver, Colorado, this  1st  day of      March        , 2012.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court