IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03080-BNB

MARSHAUN STEWART,

    Plaintiff,

v.

COZZ RHODES, Warden,
BLOODWORTH, Assoc. Warden,
KLEIN, Captain,
BURTON, Lt.,
WORKSON, Couns[e]l[o]r,
HELICKERSON, Psychological,
TUCKER, Unit Manager,
GEORGE, Disciplinary Chairperson,
JON F. FRANCO, medical person[n]el, and
L. METTRY, medical person[n]el,

    Defendants.

---

ORDER TO DISMISS IN PART AND TO DRAW THIS CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

    Plaintiff, Marshaun Stewart, is in the custody of the federal Bureau of Prisons at USP-Atwater, California. Mr. Stewart filed *pro se* a Complaint asserting a deprivation of his constitutional rights pursuant to 28 U.S.C. § 1343 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). He has been granted leave to proceed *informa pauperis* pursuant to 28 U.S.C. § 1915 without payment of an initial partial filing fee.

    Magistrate Judge Boyd N. Boland reviewed the Complaint and found it to be deficient because Mr. Stewart failed to allege the personal participation of some of the Defendants in a violation of his constitutional rights. On January 31, 2012, the Court

directed Mr. Stewart to file an amended complaint on the court-approved Prisoner Complaint form within thirty (30) days. Mr. Stewart was instructed to include all of his factual allegations against all Defendants in the amended complaint. On February 23, 2012, Mr. Stewart tendered an amended complaint that was rejected by the court in an Order entered on March 2, 2012. Mr. Stewart was granted an additional thirty days to submit his amended complaint on the court-approved form. After requesting and obtaining an additional extension of time, Mr. Stewart submitted two separate but almost identical amended complaints on May 3, 2012 (ECF Nos. 28 and 29).[1] The Court designates ECF No. 29 as the operative pleading in this case.

The Court notes that Mr. Stewart's amended complaint is not filed on the court-approved Prisoner Complaint form, as directed in the January 31 and March 2 Orders. Nonetheless, the Court will review the amended complaint pursuant to D.C.COLO.LCivR 8.2C to determine whether all or some of his claims should be drawn to a district judge and to a magistrate judge.

Pursuant to 28 U.S.C. § 1915A, the Court is required to review the amended complaint because Mr. Stewart is a prisoner and he is seeking redress from officers or employees of a governmental entity. The Court must dismiss the amended complaint, or any portion of the amended complaint, that is frivolous. *See* 28 U.S.C. § 1915A(b)(1). A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

---

[1] The amended complaints differ only in that ECF No. 28 does not include all of the documents that are attached to ECF No. 29.

The Court must construe liberally the amended complaint because Mr. Stewart is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  *Hall*, 935 F.2d at 1110.  However, the Court should not act as an advocate for *pro se* litigants.  *See id.*  For the reasons stated below, the amended complaint and the action will be drawn in part and dismissed in part.

Mr. Stewart complains primarily of alleged misconduct by the Defendants during his incarceration at FCI-Florence, Colorado.  Plaintiff alleges in the amended complaint that he suffers from depression and borderline intelligence disorder.  He states that defendant Bloodworth placed him in solitary confinement for over three months pending a criminal investigation based on a fabricated disciplinary write-up Plaintiff received from Defendant Burton on August 19, 2011, for stalking a female medical staff member.  Plaintiff alleges that Defendant Helickerson made a false statement to the prison administration that Plaintiff had been stalking her in retaliation for Plaintiff's efforts to seek medical attention.  Mr. Stewart further alleges that following a hearing, Defendant George, a Disciplinary Chairperson, found him guilty of the lesser disciplinary infraction of refusing to obey a direct order.  Plaintiff asserts that he was denied procedural due process in the prison disciplinary proceeding, which resulted in the loss of good time credits and privileges.

Mr. Stewart further alleges in the amended complaint that Defendant Workson has threatened to "get rid of [him]" because of his requests for medical attention. Plaintiff also states that Defendant Workson has prohibited him from buying any commissary items with deposits made to Plaintiff's inmate trust fund account on the asserted ground that the funds must be used to pay for costs associated with the instant litigation.

Mr. Stewart also alleges that Defendant Bloodworth deliberately prevented him on August 19, 2011, from obtaining medical attention for his depression when Plaintiff was scheduled to see the prison doctor. And, finally, Plaintiff asserts that Defendants Franco and Mettry, medical personnel at USP-Atwater, have denied him medical attention for a cyst on his forehead and for his high blood pressure.

Based on the above allegations, Mr. Stewart claims that the Defendants have violated his Eighth Amendment rights and his Fourteenth Amendment due process rights.   He seeks monetary relief.

The allegations of the amended complaint fail to establish the personal participation of Defendants Rhodes, Klein, and Tucker in a deprivation of Plaintiff's constitutional rights. Mr. Stewart was warned by Magistrate Judge Boland in the January 31 Order that personal participation is an essential allegation in a *Bivens* action. See *Kite v. Kelley*, 546 F.2d 334, 338 (1976). Mr. Stewart therefore must show that each named Defendant caused the deprivation of a federal right. See *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Furthermore, a supervisor is only liable for a constitutional violation that he or she has caused. See *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010). Accordingly, there must be an affirmative link between the

4

alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993); *see also Richardson*, 614 F.3d at 1200-1201 ("[D]efendant-supervisors may be liable under § 1983 [or *Bivens*] where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy . . .–express or otherwise–showing their authorization or approval of such 'misconduct.'") (quoting *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)). Supervisors cannot be held liable merely because of their supervisory positions. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). This is because "§ 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).

Defendants Klein and Tucker will be dismissed as improper parties to this action because Mr. Stewart fails to allege any conduct in the amended complaint to demonstrate their involvement in the alleged Eighth and Fourteenth Amendment violations. Defendant Warden Rhodes will also be dismissed as an improper party because he cannot be held liable under *Bivens* on the basis that he has supervisory authority over the other Defendants. Furthermore, "'the denial of . . . grievances alone is insufficient to establish personal participation in the alleged constitutional violations'" of other defendants. *Whitington v. Ortiz*, 307 F. App'x. 179, 193 (10th Cir. 2009) (unpublished decision) (quoting *Larson v. Meek*, 240 F. App'x. 777, 780 (10th Cir. 2007) (unpublished decision)).

Mr. Stewart may not pursue his request for monetary relief against Defendant George based on the disciplinary procedures used to deprive him of good time credits because Plaintiff has not shown that the disciplinary proceeding has been over-turned. *See Edwards v. Balisok*, 520 U.S. 641 (1997) (applying rule of *Heck*[2] to a § 1983 claim challenging procedures used to deprive a prison inmate of good time credits); *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996) (per curiam) (holding that *Heck* applies to *Bivens* actions). To the extent Mr. Stewart seeks an earlier release date, he may pursue relief for the unlawful deprivation of good time credits in a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (a § 2241 attack on the execution of a sentence may challenge the loss of good time credits and "other prison disciplinary matters."). Accordingly, Defendant George, the Disciplinary Chairman, will be dismissed without prejudice as an improper party to this action pursuant to *Heck* and *Edwards.*

In addition, this Court is not the proper venue to adjudicate Mr. Stewart's claims against Defendants Franco and Mettry, whom he describes as medical personnel at USP-Atwater, California, where Plaintiff is presently incarcerated. Defendants Franco and Mettry reside outside the State of Colorado and the alleged unconstitutional conduct involving those Defendants occurred outside of Colorado. Under 28 U.S.C. § 1391, paragraph (b) states:

---

[2] In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that no cause of action exists under 42 U.S.C. § 1983 for actions that, if proven, would "necessarily imply" the invalidity of an underlying conviction or sentence, unless that conviction or sentence is first properly invalidated, either on appeal or through habeas corpus proceedings. 512 U.S. at 487.

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

Therefore, the claim is not properly before this Court and is subject to *sua sponte* dismissal. *See Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006). Alternatively, the Court may exercise its discretion to cure jurisdictional and venue defects by transferring claims to a district where venue is proper, if such a transfer is in the interest of justice. *Id.* at 1222-23 (citing 28 U.S.C. §§ 1406(a) and 1631). The Court declines to transfer the claims in lieu of dismissal because Mr. Stewart simply alleges that he is suffering from high blood pressure, for which he has been prescribed medications, and that he has a cyst on his forehead that is causing him severe pain. Plaintiff further states that he saw a medical provider concerning the cyst. Mr. Stewart's allegations are insufficient to raise a reasonable inference that the Defendants have acted with deliberate indifference to his serious medical needs. *See Perkins v. Kansas Dep't of Corrections*, 165 F.3d 803, 811 (10th Cir. 1999). Accordingly, Defendants Franco and Mettry will be dismissed as parties to this action for lack of proper venue.

After review pursuant to D.C.COLO.LCivR 8.2C, the Court has determined that Mr. Stewart's remaining claims against Defendants Burton, Bloodworth, Workson, and Helickerson do not appear to be appropriate for summary dismissal and that the case should be drawn to a district judge and to a magistrate judge. *See* D.C.COLO.LCivR

8.2D.  Accordingly, it is

ORDERED that the claims against Defendants Rhodes, Klein, and Tucker are dismissed with prejudice.  It is

FURTHER ORDERED that the claims against Defendant George challenging the prison disciplinary proceeding are dismissed without prejudice pursuant to *Heck* and *Edwards* because they are only cognizable, if at all, in an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  It is

FURTHER ORDERED that the claims against defendants Franco and Mettry are dismissed without prejudice for improper venue.

FURTHER ORDERED that Defendants Rhodes, Klein, Tucker, George, Franco, and Mettry are dismissed as parties to this action.  It is

FURTHER ORDERED that the claims against Defendants Bloodworth, Burton, Workson, and Helickerson shall be drawn to a district judge and to a magistrate judge. It is

FURTHER ORDERED that the Clerk of the Court shall correct Mr. Stewart's address to reflect his current facility as USP-Atwater, California.  *See* ECF No. 30.

DATED at Denver, Colorado, this  11th  day of      May                , 2012.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court